Tarun KUMAR, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 00–70506.
INS No. A72–110–888.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 21, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

MEMORANDUM **

Tarun Kumar, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an immigration judge's denial of his application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a).[1] We review for substantial evidence factual determinations concerning a petitioner's eligibility for asylum, and must uphold

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repealed 8 U.S.C. § 1105a and replaced it with a new judicial review provision codified at 8 U.S.C. § 1252. *See* IIRIRA § 306(c)(1), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), *as amended by* Act of Oct. 11, 1996, Pub.L. No. 104–302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, this court continues to have jurisdiction pursuant to 8 U.S.C. § 1105a. *See* IIRIRA § 309(c)(1).

them unless the evidence compels a contrary result. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We grant the petition.

Contrary to the BIA's decision, Kumar's credible testimony establishes that his persecution was at least in part on account of his imputed political opinion. *See Ratnam v. INS,* 154 F.3d 990, 996 (9th Cir.1998). Kumar was detained, beaten, and interrogated by government police who appeared to believe Kumar was associated with a militant anti-government group. *See id.* Thus, Kumar has established that the police were at least in part motivated by imputed political opinion. *See id.* at 995–96.

Accordingly, the BIA's decision is not supported by substantial evidence. *See id.*

We also conclude that Kumar has demonstrated a "clear probability of persecution" which entitled him to mandatory withholding of deportation pursuant to 8 U.S.C. § 1253(h). The police detained Kumar, beat him, and told him that they would continue to interrogate him until the militants were located. Kumar also received letters from the militants who threatened to harm him if he communicated with the police. *See Singh v. Ilchert,* 63 F.3d 1501, 1506 (9th Cir.1995). This record compels a conclusion that it is "more likely than not" that Kumar would be subject to persecution on account of imputed political opinion. *See id.*

We GRANT the petition for review, VACATE the BIA's decision with instructions that petitioner be granted withholding of deportation, and REMAND for the exercise of the Attorney General's discretion as to whether petitioner is entitled to asylum.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

PETITION FOR REVIEW GRANTED; VACATED AND REMANDED.